## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CM1183-09 |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Motion to Dismiss Under People v. |
| | ) Rasauo) |
| | ) |
| | ) |
| BANTY AFITUK, | ) |
| DOB: 10/27/1986 | ) |
| | ) |
| Defendant. | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 5, 2012, for a hearing on Banty Afituk's ("Defendant") Motion to Dismiss Under People v. Rasauo. Assistant Public Defender Pablo M. Aglubat represented Defendant. Assistant Attorney General Suzanne K. Horrigan appeared on behalf of the People of Guam ("the People"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

### BACKGROUND

A Complaint was filed in the above-captioned case on November 27, 2009, charging Defendant with (1) Assault by Physical Menace (As a Misdemeanor) (2) Criminal Trespass (As a Misdemeanor) (3) Disorderly Conduct (As a Petty Misdemeanor) (4) Harassment (As a Petty Misdemeanor) and (5) Public Drunkenness (As a Violation). Complaint (November 27, 2009).

People of Guam v. Banty Afituk (CM1183-09)     Page 1 of 5
Decision and Order – Motion to Dismiss Under People v. Rasauo

A Summons was subsequently issued summoning Defendant to appear before the Honorable Alberto C. Lamorena, III, on January 13, 2010 at 10 a.m. Summons (Dec. 2, 2009). Defendant was not present at the January 13, 2010, scheduled Court hearing. The Court re-issued a Summons, due to a non-service return by the Marshal's Division. Declaration and Recommendation of Magistrate Court (Jan. 13, 2010). At a February 2, 2010, scheduled Court hearing, Defendant again was not present. Super. Ct. of Guam Minute Entry Log No. 104857 (February 10, 2010). Consequently, another Summons was issued summoning Defendant to appear before the Honorable Alberto E. Tolentino on May 19, 2010, at 10 a.m. Summons (Feb. 18, 2010). The Marshal's Division was unable to locate Defendant and filed an Affidavit of Non-Service. Affidavit of Non-Service (Feb. 24, 2010).[1]

Defendant did not appear before this Court relative to this instant case until March 28, 2011, for a Further Proceeding which also involved CM-366-09. Defendant then appeared on May 27, 2011, at which time a global plea was requested. Accordingly, the Court set a Trial Setting for June 8, 2011, on both matters, the instant case and CM366-09. Likewise, Defendant was arraigned on June 8, 2011, where he plead not guilty and waived his right to a speedy trial.

On December 21, 2011, Defendant filed a Motion to Dismiss under People v. Rasauo. Def.'sMotion to Dismiss Under People v. Rasauo (Dec. 21, 2011). The People oppose Defendant's motion. People's Response to Motion to Dismiss (Jan. 3, 2012).

The Court heard Defendant's Motion to Dismiss under People v. Rasauo on March 5, 2012, where the parties submitted on their respective briefs. The Court now issues this Decision.

/ / /

---

[1] The Court notes that Defendant was present for a Trial Setting and Answering to a Violation Report for his other case (CM366-09) on February 26, 2010.

## DISCUSSION

Defendant argues that the Complaint be dismissed pursuant to People v. Rasauo, 2011 Guam 14. Defendant states that a Complaint was filed against him on November 27, 2009, and that he was not arraigned until June 8, 2011. Further, Defendant contends that no good cause has been shown for the delay of the arraignment. Def's Motion to Dismiss Under People v. Rasauo (Dec. 21, 2011). Defendant cites in his brief that the time between the Complaint and the arraignment, amounted to a period of at least six months. Id.

The People oppose this motion but recommend that if the Court is "inclined to dismiss, such a dismissal should be without prejudice." People's Response to Motion to Dismiss at 11 (Jan. 3, 2012).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See People v. Rasauo, 2011 Guam 14 ¶ 14. This Court notes that Rasauo II articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." Rasauo II ¶ 14. The holding in Rasauo II is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. Rasauo II ¶ 14.

In the instant case, the time between the filing of the Complaint on November 27, 2009, and Defendant's arraignment on June 8, 2011, amounts to Five Hundred Fifty Eight (558) days. Super. Ct. of Guam Minute Entry Log No. 110400 (July 1, 2009). Consequently, there were more than sixty (60) days from complaint to arraignment, thus establishing a basis for dismissal if there is no good cause shown. Court documents indicate that Defendant could not be located

by the Marshal's Division. However, Defendant was present on another matter before this Court on February 26, 2010. On account of this, Defendant could have been arraigned at an earlier time. Therefore, the Court finds no good cause for the delay in Defendant's arraignment.

The next issue to address is whether the case be dismissed with or without prejudice. The Court concurs with the People that "[i]t has been over two years since the commission of the acts which underlie this case. This would normally put the case outside the fallback one year statute of limitations for misdemeanor criminal process which is applicable to all cases charged in Guam." People's Response to Motion to Dismiss at 7 (Jan. 3, 2012). The People further contend that "the general statute of limitations clock is tolled during any period when a Complaint against a defendant is pending in court, even if that Complaint is later dismissed."

8 GCA § 10.50 provides:

> The periods of limitation provided by this Chapter do not run during any time when a criminal action against the defendant for the same conduct is pending in this Territory, even if the accusatory pleading is later set aside, **the action later dismissed**, or the conviction is later reversed upon appeal or set aside as a result of a post-conviction proceeding.

8 GCA § 10.50 (emphasis added).

The Court recognizes that in People v. Palomo, 1998 Guam 12, the Supreme Court of Guam ruled that the proper remedy for a statutory violation of 8 GCA § 25.30 was a dismissal with prejudice. Likewise, the Supreme Court of Guam in a People v. Villapondo, 1999 Guam 31, noted that "a showing of prejudice or any other factors which support dismissal with prejudice are unnecessary." See Villapondo ¶ 52 (citing Palomo n.8). "In Palomo, [the Supreme Court also] noted the disfavoring of dismissals with prejudice." Palomo ¶ 17. With the case at bar, there is no similar statutory bar to re-prosecution. The Complaint was filed within two months of the alleged offenses, unlike the facts in Palomo. This fact along with the

language expressed in <u>Rasauo II</u> that "[the Supreme Court of Guam] will not exercise [its] discretion to decide, based on the record before [the high Court], whether the dismissal should be with or without prejudice," suggests that this Court consider a showing of prejudice or any other factors which may or may not support a dismissal with prejudice. The record is devoid of any information that Defendant was prejudiced, other than the Court's determination that there was a violation of the 60 day rule.

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss Under People v. Rasauo **without prejudice**.

**CONCLUSION**

By a preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Under <u>People v. Rasauo</u> **without prejudice**.

**SO ORDERED** this ___12___ day of ___April___, 2012.

 

 

 

 

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

APR 1 2 2012

Amando D. Quitoriano
Deputy Clerk, Superior Court of Guam